# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
### CIVIL ACTION NO. 5:12-CV-047-RLV-DCK

| | |
|---|---|
| NICHOLE MCKINNEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion for Attorney Fees Under § 406(b) of the Social Security Act" (Document No. 22) filed May 11, 2016. This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will <u>deny</u> the motion without prejudice.

By the instant motion, Plaintiff's counsel seeks an award of attorney fees under the Social Security Act, 42 U.S.C. § 406(b), which provides that a "court may determine and allow as part of its judgment a reasonable fee . . . not in excess of 25 percent of the total of the past due benefits to which claimant is entitled by reason of such judgment."

Recent case law provides that a court should review contingent fee agreements, such as the one here, for reasonableness. <u>Griffin v. Astrue</u>, 1:10cv115-MR, 2012 WL 3155578 at *2 (W.D.N.C. August 2, 2012) (citing <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789 (2002) and <u>Mudd v. Barnhart</u>, 418 F.3d 424 (4th Cir. 2005)). As noted by Plaintiff's counsel, the Fourth Circuit "has directed that district courts should consider the complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, [and] the significance of the result achieved

in district court when analyzing whether a contingency fee arrangement is reasonable." (Document No. 22, p.2) (citing Mudd, 418 F.3d at 428).

Plaintiff's counsel now seeks an award of $3,000.00 in attorney's fees. (Document No. 22, p.1-2). Plaintiff reports that Defendant "does not object to this request for fees." (Document No. 22, p.2). However, the undersigned is concerned that the instant motion appears to be lacking: a copy of the contingency fee agreement; an affidavit supporting counsel's time spent on this case; or any statement about the complexity of the case or the lawyering skills necessary to handle it. In addition, it might be helpful if Plaintiff's counsel could more clearly describe the benefit(s) awarded to Plaintiff, as well as the auxiliary benefits awarded to her children, and whether counsel contends she is entitled to some percentage of all these benefits as part of a reasonable fee.

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion for Attorney Fees Under § 406(b) of the Social Security Act" (Document No. 22) is **DENIED WITHOUT PREJUDICE**. Plaintiff's counsel may re-file a motion for fees with additional support and documentation as discussed herein.

**SO ORDERED**.

Signed: May 11, 2016

David C. Keesler
United States Magistrate Judge